905 F.2d 1530
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glenn C. LAWHORN, Jr., Petitioner-Appellant,
v.
Ellis B. WRIGHT, Jr., Warden; Attorney General of the State
of Virginia, Respondents-Appellees.
 No. 89-7101.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1989.
Decided May 10, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (C/A No. 88-578-R)
 Glenn C. Lawhorn, Jr., appellant pro se.
 Richard Francis Gorman, III, Office of the Attorney General, Richmond, Va., for appellees.
 E.D.Va.
 DISMISSED.
 Before WIDENER, K.K. HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Glenn C. Lawhorn, Jr. seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Our review of the record and the district court's opinion discloses that this appeal is without merit.* Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court. Lawhorn v. Wright, C/A No. 88-578-R (E.D.Va. Mar. 23, 1989). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 *
 This court's recent decision in Fender v. Thompson, 883 F.2d 303 (4th Cir.1989), is not to the contrary. In Fender, we held that a 1985 amendment to Virginia's parole statute denying parole eligibility to a prisoner who escapes while serving a life sentence violated the ex post facto clause as applied to a prisoner sentenced in 1973. In this case, petitioner is serving a sentence for crimes committed in 1983, 1987, and 1988, but challenges the consideration of his 1977 and 1979 convictions in the computation of his parole status under a statute enacted in 1979. As we made clear in Fender, the ex post facto analysis looks to the "quantum of punishment"--of which parole eligibility is one component--received for the conviction currently being served and asks whether "statutes enacted or amended after a prisoner was sentenced ... alter the conditions of ... preexisting parole eligibility." Id. at 3062. Because petitioner is serving sentences only for crimes committed after the change in the law, there has been no alteration of the parole eligibility that formed part of those sentences